William B. Lawless, J.
Plaintiff moves (1) for a protective order with respect to defendant Benderson’s notice to produce, dated March 13, 1967, and (2) to stay examination of plaintiff, notice of which examination is dated October 9, 1967.
On December 17,1965, defendant Benderson moved before this court for an order requiring plaintiff to produce certain documents and for the examination of an officer of plaintiff to be examined with respect thereto, concerning the writing of payment and performance bonds on the construction of an arterial highway. Plaintiff opposed the motion on the ground that the only person having personal knowledge of the circumstances was one Ronald Dixon, and that he was no longer employed by the plaintiff; and second, that the payment and *325 performance bonds having been written, plaintiff was bound by them. After oral argument, the court was asked to hold its decision to allow counsel to work out the matter of examining an “ appropriate ” officer. The court did so until June 7, 1966, at which time defendants notified the court that they desired a decision on the merits. Thereafter and on July 22, 1966, the court granted the motion and an order was entered on August 11, 1966. No date or place for any examination was ever fixed.
During the period the court held the motion and on March 10, 1966, plaintiff moved at Special Term for partial summary judgment adjudging that defendant Benderson had knowingly diverted approximately $220,000 of contract trust funds, for which sum he was liable to creditors on the Young Street highway job. On June 7, 1966, Erie County Special Term (Fisher, J.) granted plaintiff’s motion, adjudged Benderson a trustee of contract moneys, and directed that notice be given to all known trust beneficiaries to present and prove their claims. The court’s memorandum (53 Misc2d 230) was unanimously affirmed by the Appellate Division (27 A D 2d 802), and application for leave to appeal to the Court of Appeals was denied.
In this setting plaintiff argues that all matters as to why plaintiff wrote the payment and performance bonds in question have become academic and moot, and that the only issues left for determination are those relating to the amounts of the trust beneficiaries’ claims.
Benderson contends that the granting of partial summary judgment by Mr. Justice Fisher was based on motion papers which requested that the court only declare certain sums received by defendants Benderson and Schwab as trust funds for the benefit of the statutory beneficiaries. The moving papers did not seek relief concerning any defenses the defendant may have as to claims of the plaintiff as subrogee. On that motion, Benderson opposed on the grounds that there were questions of fact regarding such funds and Benderson attempted to assert certain affirmative defenses which were not included in the answer.
Papers indicate that both Mr. Justice Fisher and the Appellate Division were informed of the motion before this court to discover and inspect when the motion for partial summary judgment, and later, appeal thereon, were argued.
Now, Benderson asserts that if he is given the opportunity for discovery, he hopes to establish the total financial backing of Schwab by Glens Falls Insurance Company, full compliance and anticipation by Glens Falls Insurance Company on the financial dealings of Schwab, thus giving rise to full responsi *326 bility for the subsequent loss which occurred not only to plaintiff, but to a number of lenders, including Benderson. The defendant asserts that it seeks to prohibit Glens Falls from asserting the defendant Benderson’s failure to file a notice, of lending under article 3-A of the Lien Law, and in addition to prohibit Glens Falls from using the equitable doctrine of subrogation to gain back its losses, when, in fact, it is argued it had knowledge of and fully participated in the loss itself. Benderson also hopes to establish by discovery that Glens Falls should be estopped from asserting Benderson’s failure to file a notice of lending, on grounds that Glens Falls was fully cognizant of the lending from Benderson to Schwab in regard to Contract FAC 64-3. Benderson argues that the information sought is relevant to those issues not resolved by the partial summary judgment granted by Mr. Justice Fisheb.
This action was initially instituted by plaintiff to require the several defendants to account for and disclose the receipt and disposition of moneys allegedly received by them growing out of a construction subcontract between Schwab Bros, and Depew Paving Co., Inc., the prime contractor on a State highway construction job. The plaintiff alleges, in its complaint, issuance of a performance bond to Schwab Bros., subsequent default by the said subcontractor, and its liability as surety to various claimants because of the default. Defendant Benderson submitted an answer generally denying the complaint. Thereafter, plaintiff served notice for examination of Benderson, and Benderson served a cross notice to examine an official of plaintiff. The official produced by plaintiff for examination was not an officer of plaintiff, but an independent surety consultant without personal knowledge of the facts in the case. In these circumstances, this court granted defendant’s motion and ordered plaintiff to produce both the documents requested by the defendant, and a knowledgeable representative able to identify and explain documents without the presence of Ronald Dixon, former employee.
It should also be pointed out that defendant Benderson has attempted to serve an amended answer in this case, setting up equitable defenses of unclean hands. This was denied by this court (Ball, J.) by memorandum opinion dated May 22, 1967, and order granted May 25, 1967. Appeal to the Appellate Division, Fourth Department, is pending from that order. (An order to dismiss the appeal has been vacated.)
Critical to our decision of the present motion is the legal effect of the memorandum decision filed by Mr. Justice Fisheb on May 25,1966. We must decide whether in granting partial summary *327 judgment, this court has made academic those issues on which Benderson seeks discovery. Justice Fisher’s opinion stated as follows (p. 233): ‘ ‘ Likewise, Benderson, by his testimony, affidavits and admission that he did not file any assignment of funds or any notice of lending as required by section 73 of the Lien Law forces this court to find only one conclusion, that Benderson received trust funds which were for the benefit of those beneficiaries set forth in section 71 of the Lien Law and which does not include a money lender. The court finds that the affirmative defenses raise no triable issties of fact.” (Emphasis added.)
The order granting partial summary judgment provides in part as follows: ‘ ‘ further ordered, adjudged and decreed that there is no triable issue of fact other than the question of the amount of the further judgment later to be entered herein ’ ’. (Emphasis added.)
We conclude with respect to the first motion that the substantive rights of the parties have already been decided by Mr. Justice Fisher in granting partial summary judgment. It was within his province to determine whether any issue of fact existed. (6 Carmody-Wait 2d, New York Practice, 39:33.) Actually, the proposed discovery sought to establish an affirmative defense not raised in the original answer and unsuccessfully attempted to be raised in the motion before Mr. Justice Ball. A protective order will therefore issue with respect to defendant Benderson’s notice to produce, dated March 13, 1967.
On October 9,1967, Benderson served notice to examine plaintiff and required it to produce the same documents listed in his notice to produce dated March 13, 1967. On October 10, 1967, plaintiff moved to stay the examination pending the hearing and determination of plaintiff’s motion for a protective order.
In view of the order granting partial summary judgment, and in view of Mr. Justice Ball’s denying Benderson’s motion for leave to serve an amended answer, the matters upon which the present examination is sought have become moot and plaintiff’s motion to stay the examination of October 24 is granted.